103 F.3d 143
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Billy Jack OXFORD, Defendant-Appellant.
 No. 96-10026.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1996.
Decided Nov. 22, 1996.
 
 Before: FLETCHER, FARRIS, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 JURISDICTION
 
 2
 All acts complained of took place within the jurisdiction of the National Park Service. The district court had original jurisdiction pursuant to 18 U.S.C. § 3231. The magistrate judge exercised jurisdiction pursuant to 18 U.S.C. § 3401(a).
 
 
 3
 Oxford appealed his conviction by a magistrate judge to the district court pursuant to 18 U.S.C. § 3402. The district court affirmed the judgment of the magistrate judge on January 3, 1996.
 
 
 4
 We have jurisdiction to review pursuant to 28 U.S.C. § 1291.
 
 DISCUSSION
 
 5
 We have carefully reviewed the record. The factual determinations of the magistrate judge have overwhelming support in the record. We find no error in the conclusions based on those findings.
 
 
 6
 We recognize the possibility for error in group advisements. We do not ignore United States v. Marcyes, 557 F.2d 1361, 1366-68 (9th Cir.1977). The advisement given to Oxford comprised a cursory synopsis of the difference between magistrate and district court judges, but it omitted nothing critical to Oxford's election. Oxford made his decision following advice of counsel. Oxford knew his rights and made a knowing and intelligent decision to waive those rights. The record precludes a conclusion that the advisement failed to satisfy the dictates of § 3401(b).
 
 
 7
 Oxford's defense at trial was that he had acted out of necessity. A defendant claiming necessity must prove four elements:
 
 
 8
 (1) [T]hat he was faced with a choice of evils and chose the lesser evil; (2) that he acted to prevent imminent harm; (3) that he reasonably anticipated a causal relation between his conduct and the harm to be avoided; and (4) that there were no other legal alternatives to violating the law.
 
 
 9
 United States v. Aguilar, 883 F.2d 662, 693 (9th Cir.1989).
 
 
 10
 Oxford ignores United States v. Milligan, 17 F.3d 177, 181 (6th Cir.1994). "A corollary to the requirement that defendant have no reasonable alternative to the crime is that defendant cease the criminal offense as soon as a safe opportunity arises." The court's finding that Oxford failed to cease the illegal conduct as soon as a safe opportunity arose is supported by the record. It was not error to reject the defense of necessity.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3